# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES MAGOLETTA GREEN, #339719 | * | |
| Petitioner, | * | |
| v. | * | Case No. JFM-10-cv-1333 |
| RODERICK SOWERS, Warden, *et al.* | * | |
| Respondents. | * | |

## MEMORANDUM

Now before the court is a petition for habeas corpus relief filed by James Magoletta Green and respondents' answer thereto. ECF Nos. 1 & 11. Petitioner has filed several documents in reply to the response. ECF Nos. 13-15. After review of these documents, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* Local Rule 105.6 (D.Md. 2011). For the reasons to follow, the petition will be denied and dismissed with prejudice.

*Factual and Procedural History*

On November 1, 2002, petitioner James Magoletta Green was arrested in his home by members of the Harford County Narcotics Task Force; he was ultimately indicted and charged with several counts of distribution and possession of narcotics. Defs.' Answer, Ex. 17 at 1. Green appeared before Harford County Circuit Judge Thomas E. Marshall on January 14, 2004 and entered a guilty plea to one count of distribution of cocaine. At the time of his plea, Green was represented by retained counsel. *Id.* A state post-conviction court later vacated Green's plea and granted Green a new trial. *Id.*

At the July 2006 trial, Green faced a multiple-count indictment for the possession and distribution of both cocaine and heroin. During trial, the State adduced the following evidence:

(i) Green had spoken via cell phone with an undercover police officer to arrange drug transactions, Answer, Ex. 3 at 47-72; (ii) Green sold cocaine to an undercover police officer through hand-to-hand transactions on October 2, 2002, October 14, 2002, and November 1, 2002, *id.*; (iii) police officers, armed with a search warrant, searched Green's apartment shortly after the final drug transaction on November 1, 2002, *id.* at 72; (iv) police officers arrested Green in conjunction with their search of his apartment, *id.* at 74; and (v) at the time of Green's arrest, he was carrying a plastic bag containing crack cocaine and a heroin pill as well as several marked bills that the undercover officer had given to him in exchange for cocaine. *Id.* at 74. At trial, Harford County sheriff's deputy William McMillion identified Green as the man from whom he bought cocaine on three occasions and as the man that he and others arrested on November 1, 2002. *Id.* at 48, 70.

Green, through Harford County public defender Lloyd Merriam, argued that this was a case of mistaken identity. Answer, Ex. 5 at 63. Specifically, he argued that officers had mistaken Green for his stepbrother, Michael Ivey. *Id.* Ivey was deceased by the time of trial, but Green offered evidence that he and Ivey had similar physical appearances, that Ivey occasionally borrowed Green's cell phone, that Ivey lived next door to Green's apartment at the time of Green's arrest, and that Ivey had recently exchanged money with Green. Answer, Ex. 4 at 117, 119-20 & Ex. 5 at 15.

On July 11, 2006, a jury convicted Green of three counts of distribution of cocaine; one count of possession of cocaine; one count of possession of heroin; and one count of possession with intent to distribute cocaine. Answer, Ex. 5 at 89. Green, through his public defender, filed a motion for a new trial. *See* Answer, Exs. 7-8. Judge Stephen M. Waldron of the Circuit Court for Harford County denied the motion for a new trial and sentenced Green to a sixty-four year

prison sentence, "suspending all but twenty years to actually serve, ten of those are without parole." Answer, Ex. 9 at 39; *see also* Answer, Ex. 10.

Green, through appellate counsel provided by the public defender, appealed his conviction to the Maryland Court of Special Appeals, but voluntarily dismissed the appeal. *See* Answer, Exs. 11-12. Appearing pro se, he initiated state post-conviction proceedings on November 27, 2006.[1] *See id.*, Exs. 13-15. His claims for post-conviction relief were denied by the Circuit Court for Harford County and on appeal by the Maryland Court of Special Appeals. *See* Answer, Exs. 17 & 21.

On May 25, 2010, Green initiated the instant petition for a writ of habeas corpus. In his pro se petition[2] and its two supplements, Green raises the following claims: (i) trial counsel provided ineffective assistance; (ii) the prosecutor committed misconduct; (iii) the trial court erred by failing to replace public defender Lloyd Merriam with different counsel; and (iv) the post-conviction court erred by failing to hear Green's prosecutorial misconduct claims.

### *Threshold Considerations*

### **Timeliness & Exhaustion of State Remedies**

Respondents do not contend, and the court does not find, that the petition was filed outside the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). Further, petitioner no longer has any state direct review or collateral review remedies available to him with respect to the claims raised in this court. His claims are exhausted for the purpose of federal habeas corpus review.

### **Procedural Default**

---

[1] All remaining references to a post-conviction proceeding refer to this post-conviction proceeding after trial, not to the earlier post-conviction proceeding that overturned Green's guilty plea.

[2] Because Green appears pro se, the court construes his petition for habeas relief liberally.

3

Before a petitioner may seek habeas relief in federal court, he must exhaust each claim presented to the federal court by pursuing remedies available in state court. *See Rose v. Lundy,* 455 U.S. 509, 521 (1982). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel,* 526 U.S. 838 (1999); 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished by raising certain claims on direct appeal and with other claims by way of post-conviction proceedings. Exhaustion is not required if at the time a federal habeas corpus petition is filed the petitioner has no available state remedy. *See Teague v. Lane,* 489 U.S. 288, 297–98 (1989).

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson,* 501 U.S. 722, 749–50 (1991) (failure to note timely appeal); *Murray v. Carrier,* 477 U.S. 478, 490-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram,* 409 U.S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis,* 551 F.Supp. 479, 481 (D.Md.1982) (failure to seek leave to appeal denial of post-conviction relief).

The procedural default doctrine bars consideration of a claim in a petition for habeas corpus absent a showing of either (i) cause for the procedural default and prejudice attributable thereto; or (ii) actual innocence. *See Murray,* 477 U.S. at 495; *Wainwright v. Sykes,* 433 U.S. 72, 86 (1977). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of the petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo,* 513 U.S. 298, 314 (1995);

*Bostick v. Stevenson,* 589 F.3d 160, 164 (4th Cir.2009). The miscarriage of justice standard is directly linked to innocence. *Schlup,* 513 U.S. at 320. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. The miscarriage of justice exception applies where a petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496.

Green's present petition for a writ of habeas corpus includes several new claims. His first new claim is that the trial judge erred by failing to remove public defender Lloyd Merriam from his position as defense counsel when Green objected to having Merriam represent him. Pet. for Writ of Habeas Corpus, ECF No. 1 at 6. It is unclear whether this claim was included in Green's direct appeal to the Maryland Court of Special Appeals; however, Green voluntarily dismissed that appeal. S*ee* Answer, Exs. 11-12. Even if this claim was included in the direct appeal to the Maryland Court of Special Appeals, Green's voluntary dismissal means that this claim has not been considered by that court. Second, Green claims that Merriam provided ineffective assistance by failing to properly preserve issues of trial court error and prosecutorial misconduct for appellate review. Pet., ECF 1 at 6. Despite Green's representations to the contrary, he did not previously raise this claim in his state post-conviction proceedings. *See id.*; *see also* Answer, Exs. 13-16. Finally, Green claims that the state post-conviction judge – Harford County Circuit Judge Emory A. Plitt, Jr. – erred by ending the post-conviction hearing before Green had the opportunity to address his prosecutorial misconduct claims. Pet., ECF No. 1 at 6. Green failed to raise this issue in his post-conviction appeal to the Maryland Court of Special Appeals. *See* Answer, Exs. 18-20. As a result, none of these claims have been considered by the highest state court with jurisdiction to hear them.

5

Cause for procedural default on appeal "ordinarily requires showing of some external impediment preventing counsel from constructing or raising the claim." *Murray*, 477 U.S. at 492. Green has failed to demonstrate either cause or prejudice with regard to exhaustion of these claims. Furthermore, actual innocence is not apparent from the record. These grounds are defaulted and shall not be addressed on the merits.[3]

**Standard of Review for Petitioner's Remaining Claims**

Pursuant to statute, a federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits:

1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is "contrary to" Supreme Court precedent if "the state court applies a rule that contradicts the governing law set forth in our cases."[4] *Williams v. Taylor,* 529 U.S. 362, 405 (2000). Section 2254(d) also requires federal courts to give great deference to a state court's factual findings. *See Lenz v. Washington,* 444 F.3d 295, 299 (4th Cir.2006). Section

---

[3] These claims would prove unavailing, even if I reached their merits. Green has presented no evidence that the trial judge, trial counsel, or post-conviction judge acted improperly, or that their actions prejudiced his case.

[4] Although § 2254(d) is a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy,* 521 U.S. 320, 333, n. 7 (1997), "which demands that state court decisions be given the benefit of the doubt," *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002) (per curiam), a state court decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 at 412–413. A state court decision is based on an "unreasonable application" of clearly established federal law when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409–410; *see also Wiggins v. Smith,* 539 U.S. 510, 520–21 (2003); *Booth-el v. Nuth,* 288 F.3d 571, 575 (4th Cir.2002). A federal district court may not issue the writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly; rather, the state court application must be objectively unreasonable. *See Renico v. Lett,* ___ U.S ___, ___, 130 S.Ct. 1855, 1862, 176 L.Ed.2d 678 (2010).

2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct absent clear and convincing evidence to the contrary. The applicant has the burden of rebutting the presumption of correctness. A decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See Miller–El v. Cockrell,* 537 U.S. 322, 340 (2003). In sum, § 2254(d) imposes a "highly deferential standard for evaluating state-court rulings" and "demands that the state-court decisions be given the benefit of the doubt." *See Renico v. Lett,* ––– U.S. ––––, ––––, 130 S.Ct. 1855, 1862, 176 L.Ed.2d 678 (2010); *see also Woodford v. Visciotti,* 537 U.S. 19, 24 (2002). With these standards in mind, the court will address the merits of petitioner's claims.

### Ineffective Assistance of Counsel

Green claims that state public defender Lloyd Merriam provided him with ineffective assistance at trial.[5] To establish a claim of ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 688, 692 (1984), a convicted defendant must demonstrate that counsel's performance (1) "fell below an objective standard of reasonableness," and (2) that counsel's deficient performance prejudiced the defendant. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. The ultimate focus of the *Strickland* inquiry is on the "fundamental fairness of the proceeding whose result is being challenged." *Id.* at 696.

---

[5] Green claims that trial counsel provided ineffective assistance by failing to: (i) introduce the police statement of charges against Green; (ii) seek the identity of a police officer who participated in Green's arrest; (iii) examine evidence provided by the State; (iv) seek to suppress the State's evidence; and (v) properly preserve for appellate review certain issues of trial court error and prosecutorial misconduct. *See* Pet., ECF No. 1 at 6 & ECF No. 1-1 at 5-7. As noted above, Green's final ineffective assistance claim has been procedurally defaulted and will not be considered on the merits.

In evaluating whether counsel's performance fell below an objective standard of reasonableness, a court must consider "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688. In its analysis, a court must be "highly deferential," and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotations omitted). A court must not use the benefit of hindsight to second-guess strategic decisions made by counsel unless they were unreasonable. *Id.* at 690.

With regard to the prejudice prong of *Strickland,* a defendant need not demonstrate that the outcome of the proceeding would have been different, but rather that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. Even if counsel committed a professionally unreasonable error, relief can be granted only if "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *See Lockhart v. Fretwell,* 506 U.S. 364, 372 (1993).

After holding a post-conviction hearing, Judge Emory A. Plitt, Jr. issued a statement of reasons for denying Green's post-conviction petition. Answer, Ex. 17. The post-conviction court found that Green's trial attorney provided Green with competent representation, *id.* at 6, and discussed the alleged errors that Green assigns to counsel in his present petition.

> Petitioner's [first] allegation of error is that Mr. Merriam failed to file an appropriate suppression motion at the Defendant's request. Petitioner has the burden of proving his allegations of error. The Supreme Court has found that a petitioner who alleges ineffective assistance of counsel must identify the actions or omissions that were not the result of reasonable professional judgment and show how trial counsel fell below an objective standard of reasonableness. [*Strickland*, 466 U.S. at 690.] Petitioner, both in his petitions for post conviction relief and at the hearing before me, failed to establish that Mr. Merriam should

8

have filed a motion to suppress evidence. There was no evidence or testimony regarding what evidence should have been suppressed nor was there a showing that Mr. Merriam's failure to file such a motion resulted in any prejudice to the Defendant. For these reasons, this allegation of error is without merit and not grounds for post conviction relief.

. . .

Petitioner's [next] allegation of error also involves some alleged aspects of prosecutorial misconduct on the part of the State. Petitioner claims in his Petition for Post Conviction Relief, as well as in his testimony at the hearing before me, that the State indicted the Defendant with a knowingly defective charging document before a Grand Jury, that the State withheld that charging document, and also that Mr. Merriam failed to introduce that charging document at trial in order to expose its deficiencies. Petitioner alleges that the charging document was deficient because it contained "impeachable summary information" that conflicted with other evidence and was based in part on hearsay statements from unidentified officers. Grand Jury Proceedings are for the sole purpose of establishing probable cause to charge a Defendant, and the indictment itself is not evidence of the crime charged. An indictment may be properly based on evidence that would be inadmissible at trial and the State is under no obligation to disclose that underlying evidence to the Defendant at any time. The Defendant was undoubtedly provided with a copy of the charging document because, as I pointed out at the Post Conviction hearing, the Defendant was served with a copy of the charging documents and signed for those documents. Mr. Merriam's representation of the Petitioner was not deficient because he failed to introduce the indictment at trial. Mr. Merriam was under no professional obligation to introduce the indictment at trial, nor did the failure of Mr. Merriam to introduce the indictment result in any conceivable prejudice against the Defendant. For these reasons, I find that this allegation of error is not a basis for post conviction relief.

. . .

Petitioner also alleges a failure of Mr. Merriam to conduct sufficient pre-trial discovery and investigation. Specifically Petitioner alleges . . . the failure of Mr. Merriam to investigate the voracity [sic] of the evidence underlying the indictment including the identity of a confidential informant and certain officers' statements. It has been specifically held that trial counsel has a duty to investigate the facts of a case. [*Harris v. State*, 303 Md. 685, 717 (1985).] However, counsel is not required to pursue all possible defense strategies in conducting a pre-trial investigation of the facts. *Love v. State*, 95 Md. App. 420, 436, *cert. denied*, 331 Md. 480 (1993). Simply stated, Mr. Merriam was not required to thoroughly investigate every possible piece of evidence that may have led to a viable defense. . . . Petitioner failed to communicate with Mr. Merriam or advise him of relevant facts or possible inconsistencies relating to any pieces of evidence. Absent evidence to show that trial counsel acted improperly, the presumption is that

> defense counsel conducted a proper investigation. *Cirincione v. State*, 119 Md. App. 471, cert. denied, 350 Md. 275 (1998). We know from trial testimony that Mr. Merriam scheduled witnesses and ably cross-examined the State's witnesses, exhibiting that he had investigated the facts of Petitioner's case prior to trial. For these reasons, I find that Petitioner's allegation of error with regard to both lack of preparation and a failure to conduct adequate discovery is without merit and not grounds for post conviction relief.

Answer, Ex. 17 at 6-9. The post-conviction court also noted that Green repeatedly refused to discuss his case with Merriam and that "in failing to contact Mr. Merriam, breaking his scheduled appointments and ignoring repeated requests for information from Mr. Merriam, the Petitioner is completely at fault for the lack of pre-trial preparation on the part of his attorney." *Id.*, Ex. 17 at 8.

The post-conviction court's decision survives scrutiny under § 2254(d) and his findings of fact are presumptively correct under 28 U.S.C. § 2254(e)(1). Green fails to show either deficient performance on Merriam's part or prejudice resulting from Merriam's alleged deficiencies. Any inadequacy in Merriam's trial preparation was due to Green's refusal to discuss his case with his attorney. Despite Green's lack of participation before trial, the record shows that Merriam called and examined a number of witnesses in support of Green's defense and competently cross-examined the State's witnesses. Merriam's performance at trial demonstrates both knowledge of the case and sound trial skills. Likewise, Merriam's testimony at the post-conviction hearing supports the presumption that his decisions regarding the indictment and suppression of evidence were competent trial strategy. *See* Answer, Ex. 16 at 134, 148. Notably, Green has failed to show that his case was prejudiced in any way by Merriam's representation. For all these reasons, Green's ineffective assistance claims fail.

**Prosecutorial Misconduct**

In order for prosecutorial misconduct to constitute a denial of due process, it must be "of sufficient significance to result in a denial of the defendant's right to a fair trial." *United States*

*v. Bagkey*, 473 U.S. 667, 676 (1985) (quoting *United States v. Agurs*, 427 U.S. 97, 108 (1976)). Actual prejudice must be shown before the sanction of dismissal or reversal of a conviction can be properly imposed. *State v. Deleon*, 143 Md.App. 645, 667 (2002). Section 2254(d) directs federal courts to deny a writ of habeas corpus to prisoners held subject to state court rulings with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to or unreasonably applied clearly established Supreme Court law. *See* 28 U.S.C. § 2254(d)(1). In the Fourth Circuit, in order to reverse a conviction based upon prosecutorial misconduct, "the defendant must show (1) 'that the prosecutor's remarks or conduct were improper' and (2) 'that such remarks or conduct prejudicially affected his substantial rights so as to deprive him of a fair trial.' " *United States v. Caro*, 597 F.3d 608, 624-25 (4th Cir. 2010) (quoting *United States v. Scheetz*, 293 F.3d 175, 185 (4th Cir. 2002)).

This is not a case that meets the high standards of § 2254(d). The post-conviction court rejected Green's claims that the State withheld exculpatory evidence – namely, the identity of a police officer who contributed information to the indictment – and that the State knowingly offered the perjured testimony of Harford County sheriff's deputy Mark Jeric. Answer, Ex. 17 at 4-5. The post-conviction court noted that "Petitioner has failed to show that the names of additional officers involved in his arrest . . . actually was exculpatory evidence or that the evidence would have created a reasonable probability of a different verdict." *Id.*, Ex. 17 at 4. Similarly, the post-conviction court stated that

> It has long been held that the knowing use of perjury by the prosecutor denies a defendant a fair trial and hence constitutes a basis for post conviction relief. *Mooney v. Holobom*, 294 U.S. 103 (1995). However the burden of proof is on the petitioner to show that perjury was presented and that the State was aware it was presented. Petitioner failed to meet that burden.

*Id.*, Ex. 17 at 5.

The post-conviction court's determinations are not an unreasonable application of Supreme Court law. The Court finds no prejudicial misconduct on the part of the prosecutor that unlawfully burdened Green's rights and "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *See Darden v. Wainwright*, 477 U.S. 168, 180-81 (1986); *United States v. Caro,* 597 F.3d at 624. Furthermore, the state court's determination is entitled to deference and Green has failed to show prejudice under the standard described in *Caro*.

## *Conclusion*

The instant petition for habeas corpus relief will be denied and this case dismissed by separate order. When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" *Tennard v. Dretke,* 542 U.S. 274, 282 (2004); (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-el v. Cockrell,* 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983)). Petitioner does not satisfy this standard, and the court declines to issue a certificate of appealability.

Dated:   September 30, 2011        \_\_\_/s/_____
                                                                          J. Frederick Motz
                                                                          United States District Judge